# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5816 | **DATE** | September 19, 2002 |
| **CASE TITLE** | Specialty Moving v. Safeguard Computer Systems | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss the complaint [5-1, 5-2, 5-3]is granted in part and denied in part. The complaint is dismissed insofar as it pertains to defendant Schlomo Kogos. Counts II, V, and VI of the complaint are also dismissed. Plaintiff is granted leave to amend the complaint to set forth its specific claims against Kogos, to allege what specific express warranties were made, and to plead fraud with greater particularity.
The motion is denied as to Counts I, III, and IV. The alternative motion for a more definite statement is denied.

Plaintiff may file an amended complaint by October 3, 2002. Defendants shall answer the amended complaint, and may assert any counterclaims, by October 23, 2002. Defendants' motion for an extension of time to assert counterclaims is denied as moot. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices MAILED by judge's staff. | | SEP 3 0 2002 | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | | |

KAM

courtroom deputy's initials

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SPECIALTY MOVING SYSTEMS, INC.,    )
an Illinois corporation,           )
                                   )
         Plaintiff,                )
                                   )
         v.                        )    No. 01 C 5816
                                   )
SAFEGUARD COMPUTER SERVICES, INC., )
a New York corporation; SOFTWARE   )
FOR MOVING, INC., a New York       )
corporation; and SHLOMO KOGOS,     )
an individual,                     )
                                   )
         Defendants.               )

**DOCKETED**

**SEP 3 0 2002**

**MEMORANDUM OPINION**

Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff, Specialty Moving Systems, Inc. ("Specialty"), brings this action against defendants Safeguard Computer Services, Inc. ("Safeguard"), Software for Moving, Inc. ("SFM"), and Schlomo Kogos, the president of both corporate defendants. The action arises out of an alleged agreement between Specialty and the corporate defendants, pursuant to which Specialty would pay $40,000.00 in exchange for the installation and customization of a

software package on its computer hardware. Specialty alleges that the software does not properly operate and that it was never customized. Specialty also claims that Kogos and other agents of the corporate defendants fraudulently misrepresented the software's capabilities.

The complaint alleges the following six claims: breach of contract (Count I); breach of express warranty (Count II); breach of implied warranty of merchantability (Count III); breach of implied warranty of fitness for a particular purpose (Count IV); common-law fraud (Count V); and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFDBPA") (Count VI).

Defendants move to dismiss the complaint, or, in the alternative, for a more definite statement.

**DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is

appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Ledford v. Sullivan</u>, 105 F.3d 354, 356 (7th Cir. 1997) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Jones v. General Elec. Co.</u>, 87 F.3d 209, 211 (7th Cir.), <u>cert. denied</u>, 519 U.S. 1008 (1996).

## A.    **Defendant Schlomo Kogos**

Defendants first point out that the complaint seeks no relief against defendant Schlomo Kogos. Plaintiff concedes this point and indicates that it will seek leave to amend the complaint to name Kogos in its prayer for relief in Counts V and VI. Accordingly, the complaint is dismissed with respect to defendant Kogos. Plaintiff is granted leave to amend the complaint to set forth its specific claims against Kogos.

## B.    **Count I - Breach of Contract**

Defendants contend that Count I is deficient for a number of reasons: (1) it merely alleges that Specialty bought the software from Safeguard "and/or" SFM; (2) it fails to allege whether the agreement was written or oral; (3) it alleges that the software did not operate "as represented" but fails to specify what was represented or how the software failed to operate; and (4) it fails to describe what kind of "customization" was allegedly agreed upon.

It is well settled that a plaintiff in federal court need not set out in detail the facts upon which his claim is based. <u>See</u>

Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997).

Under the liberal system of notice pleading envisioned by Federal

Rule of Civil Procedure 8,

> complaints need not contain elaborate factual
> recitations. They are supposed to be succinct. . . . Any
> need to plead facts that, if true, establish each element
> of a "cause of action" was abolished by the Rules of
> Civil Procedure in 1938, which to signify the radical
> change from code pleading also replaced "cause of action"
> with "claim for relief." One pleads a "claim for relief"
> by briefly describing the events. At this stage the
> plaintiff receives the benefit of imagination, so long as
> the hypotheses are consistent with the complaint.

Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d

247, 251 (7th Cir. 1994) (citations omitted), cert. denied, 516

U.S. 1159 (1996).

With these principles in mind, we reject defendants' argument

and hold that Specialty has sufficiently alleged a breach of

contract. Specialty has at least generally alleged the existence

of a contractual agreement, (Complaint, ¶ 11); the corporate

defendants' breaches of that contract, (id. ¶ 13-14); and damages

resulting from the defendants' breaches (id., ¶ 15). As the

foregoing paragraph makes clear, the Federal Rules do not require

a plaintiff to allege specific facts which "establish" each element

of a claim for relief. Rather, the complaint need only inform a

defendant of the charge against him by concisely narrating the

incident or incidents in question. The complaint in this case

provides adequate notice to the defendants of the nature of

Specialty's breach of contract claim. It is not necessary that

plaintiff plead specific facts regarding whether the contract was written or oral, how the software allegedly failed to perform, or the particulars of customization. Using the "imagination" test outlined· supra, we can hypothesize facts consistent with the complaint that would make out a claim for relief. Therefore, we will deny the motion to dismiss Count I and the alternative motion for a more definite statement.

As for Specialty's use of "and/or" in the complaint with reference to the corporate defendants, Specialty indicates that "at the time of the transaction the parties were referring to defendants [Safeguard] and [SFM] interchangeably, making no distinction between those two entities. This is an issue that will be cleared up through discovery." (Response at 2.) Thus, plaintiff indicates that it has difficulty telling the two corporate entities apart. (We note that plaintiff also alleges that Mr. Kogos is the president of both corporations.) At this stage, the exact relationship between the corporations appears to be uniquely within defendants' knowledge, and we will not dismiss plaintiff's claim for failure to plead a detail it cannot know without the benefit of discovery. It is sufficient that defendants are on notice that plaintiff alleges a contract with one or both of these entities, which appear to be interrelated.

## C.    Count II - Breach of Express Warranty

Defendants argue that Count II must be dismissed because it does not state what express warranties were made; it simply alleges that defendants made "certain" express warranties.  We think that in the circumstances of this case, at least, a warranty claim requires more specificity than a simple contract claim, and that Count II does not provide defendants with adequate notice of the claim against them.  Accordingly, Count II is dismissed.  Specialty is given leave to amend the complaint to allege what specific express warranties were made.

## D.    Counts III and IV - Breach of Implied Warranties

Defendants maintain that Counts III and IV are deficient for the same reason Count I is deficient: the complaint fails to "allege anything about how the software supposedly failed to perform or performed inadequately or how it resulted in any problems."  (Motion at 5.)  Defendants state that they "know what implied warranties are because [they] can refer to the relevant provisions of the UCC [but that they] don't know how they relate to the contract between (and/or among) the parties since [they] simply can't tell enough about the [alleged] contract . . . in order to frame an intelligent response."  (Id. at 6.)

We are unpersuaded.  Defendants' motion to dismiss or for a more definite statement regarding Counts III and IV is denied because, as explained supra, Specialty has sufficiently alleged a

breach of contract under the federal system of notice pleading, and defendants will be able to obtain factual detail in the discovery process. The motion to dismiss is therefore denied as to Counts III and IV of the complaint.

**E.   Counts V and VI -- Fraud and CFDBPA**

Defendants contend that Counts V and VI must be pled with particularly because they allege fraud and that the complaint fails to allege the "who, what, where, and when" of the alleged fraud. Moreover, defendants argue, the complaint does not sufficiently allege intent.   Plaintiff concedes that Counts V and VI are deficient because they do not set forth the "where" element of fraud, but argues that the other elements of fraud are sufficiently pled.

Plaintiff's responsibilities under Rule 9(b) do not extend as far as defendants contend, but they extend further than plaintiff seems to believe.  The "who" is sufficiently pled in that it states that Mr. Kogos made certain representations to Specialty, but the allegation that "others" made misrepresentations is improperly vague.  Similarly, the "when" is sufficiently pled to the extent that certain misrepresentations are alleged to have been made on June 9, 1999, but improperly vague to the extent that others are alleged to have been made "on other occasions after that date." The "what" is sufficiently pled (Complaint, ¶ 11a-e).  As for intent, Rule 9(b) provides that intent may be "averred generally."

Defendants point out that "the factual allegations containing the circumstances constituting fraud must give rise to a reasonable inference that the defendant acted with fraudulent intent." (Motion at 8.)  However, we can reasonably infer from the allegations that the defendant would know the capabilities of its own product.

Defendants also argue that Count V states an action for "promissory fraud," which is not actionable in Illinois, because it merely alleges representations concerning future conduct. Defendants are incorrect.  Count V alleges that defendants made misrepresentations concerning the present capabilities of their software, which is sufficient to state a claim for fraud.

Finally, defendants argue that the CFDBPA claim must be dismissed because Specialty was not a "consumer" under the CFDBPA and because the alleged conduct did not involve trade practices addressed to the market generally or otherwise implicate consumer protection concerns.  This argument is also unpersuasive.  A "consumer" under the CFDBPA is "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use. . . ." 815 ILCS 505/1(e).  Corporations are "persons" under the CFDBPA. See id. § 505/1(c).  "The term 'merchandise' includes any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services."  Id. § 505/1(b).

Specialty alleges that it contracted with defendants for goods and services for its own use. Thus, Specialty adequately alleges that it is a "consumer" under the CFDBPA.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is granted in part and denied in part. The complaint is dismissed insofar as it pertains to defendant Schlomo Kogos. Counts II, V, and VI of the complaint are also dismissed. Plaintiff is granted leave to amend the complaint to set forth its specific claims against Kogos, to allege what specific express warranties were made, and to plead fraud with greater particularity.

The motion is denied as to Counts I, III, and IV. The alternative motion for a more definite statement is denied.

Plaintiff may file an amended complaint by October 3, 2002. Defendants shall answer the amended complaint, and may assert any counterclaims, by October 23, 2002. Defendants' motion for an extension of time to assert counterclaims is denied as moot.

DATE:       September 19, 2002

ENTER:
                John F. Grady, United States District Judge